IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL ARTHUR McGIFFIN, § | | |
| TDCJ-CID NO. 1320384, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-07-043 |
| § | | |
| SARGENT J. VALDEZ, et al., § | | |
| § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER

Michael Arthur McGiffin, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed a civil rights complaint under 42 U.S.C. § 1983 against jail officials in Calhoun and Victoria Counties. McGiffin claims that he has been infected with the Hepatitis C Virus ("HCV") as a result of the defendants' acts and omissions. McGiffin names Victoria County Sheriff Michael O'Connor, Sargent Johnny Valdez of the Victoria County Jail, Victoria Jail Correctional Officer Orbit Holsey, an unnamed nurse at the infirmary of Victoria Jail, and Calhoun County Jail Administrator L.T. Smith as defendants. After considering McGiffin's Original Complaint (Docket Entry No. 1) and his More Definite Statement (Docket Entry No. 10) the Court will dismiss this action in part and retain it in part.

### I. Claims and Allegations

On November 25, 2003, McGiffin was arrested in Calhoun County Texas for endangering a child by giving drugs to a minor female. Docket Entry No. 1 at 9. He was later charged with sexual assault of a child and possession of drugs. McGiffin was transferred to Victoria County Jail and had to remain there due to his inability to post bond. Docket Entry No. 10 at 10. McGiffin alleges that he suffered various health problems while he was incarcerated. His ailments included

a bladder infection and urinary tract difficulties which were treated by jail and prison medical workers. Docket Entry No. 10 at 14. However, McGiffin asserts that he was not HCV positive before he was jailed. *Id.* at 6.

McGiffin contends that he was exposed to HCV on May 29, 2005, when defendant Sargent Johnny Valdez knowingly placed him in an isolation cell with a clogged toilet. Docket Entry No. 10 at 5. The next day, McGiffin—apparently unaware of the clogged condition—was sitting on the toilet when it backed up with contaminated water which came in contact with his penis and buttocks. *Id.* When McGiffin reported the problem to Valdez, he acknowledged that the toilet had not been operating properly for some time and that it required four or five flushes per shift to minimize the odor in the cell. *Id.* at 5. McGiffin filed grievances and complaints about the toilet and asked to be transferred from the cell; however, he remained there for six weeks before he was transferred. Docket Entry No. 10 at 2. McGiffin argues that Valdez moved him to the isolation cell for no legitimate reason and kept him there until after his criminal trial on July 20, 2005. *Id.* at 3. Valdez allegedly told McGiffin that he should write Calhoun County to see about his removal from administrative segregation. *Id.* at 5.

McGiffin alleges that he did write Calhoun County Jail Administrator L.T. Smith about his predicament and contends that Smith should be held liable because he did not remove McGiffin from the Victoria County Jail knowing that he was exposed to raw sewage. Docket Entry No. 10 at 2. Instead, Smith sent a response to McGiffin stating that he had been placed in that cell because he had been accused of stealing by Victoria Jail officials. *See* Docket Entry No. 12. McGiffin also claims that he wrote to Sheriff O'Connor complaining about the cell conditions on June 15, 2005, and on July 1, 2005. *Id.* at 7. He asserts that he specifically informed Sheriff O'Connor about the

risk of him contracting HCV, but the sheriff failed to take any action to correct the problem.

In addition to being subjected to HCV by means of a defective toilet, McGiffin contends that he was exposed to the virus through shared nail clippers. Docket Entry No. 10 at 3. According to McGiffin, Correctional Officer Orbit Holsey issued clippers to jail inmates to trim their nails; however, he did not sterilize the clippers after each inmate used them. *Id*. Instead, Holsey allowed numerous inmates to share them. *Id*. at 6. McGiffin used the clippers on August 11, 2005. *Id*. One of the inmates, Kevin Dummett, told McGiffin that he was infected with HCV, and McGiffin noticed that Dummett had bled on the clippers when he used them. *Id*. at 6, 8. However, McGiffin did not know that sharing nail clippers was an unsafe practice and took no precautions. *Id*. at 8. Further, he did not file a grievance because he was unaware of the hazard. *Id*. McGiffin argues that Holsey should have been trained to prevent the spread of HCV but did not follow sanitary procedures. McGiffin also contends that the unnamed nurse was responsible for the tainted nail clippers because he was supposed to oversee the staff who placed the clippers on the medical carts. Docket Entry No. 1 at 9. McGiffin contends that the nurse should have known that the clippers needed to be sterilized between each use. *Id*.

McGiffin seeks compensatory and punitive damages from the defendants.

## II. Analysis

McGiffin was a pretrial detainee at the time of the alleged deprivations. Pretrial detainees are entitled to basic medical care and safe conditions of confinement pursuant to the due process rights established by the Fourteenth Amendment of the Constitution. *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000). An official violates an inmate's due process rights when he acts with deliberate indifference to the inmate's health and medical needs. *Id*. (citing

*Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996)).  There must be facts which indicate that there was a serious deprivation of a basic human need and that the defendants were aware of the deprivation.  *Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991).  Merely alleging a broken and odoriferous toilet is not sufficient to establish a civil rights violation because jails and prisons do not have to be comfortable places to pass constitutional muster.  *Wilson*, at 2324 (citing *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981)); *see also Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (inmates could not recover damages for 24 hour confinement in isolation cell with de minimis injuries); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (no violation where inmate remained in filthy cell for three days but was given cleaning supplies).

However, McGiffin's pleadings indicate Valdez placed him in a cell knowing of the risks of exposure to contaminated water and the diseases it might contain.  McGiffin's alleged bladder and urinary ailments may have made him especially vulnerable to infection, and his complaints to Valdez were unheeded.  McGiffin asserts that he now has HCV and that he did not have the virus before he was incarcerated.  His medical records may disprove the allegation and there may be evidence that if McGiffin did contract HCV, it was not from the sewage.  There may also be proof that Valdez and other jail officials were not fully aware that placing McGiffin in the isolation cell for several months with a broken toilet exposed him to unnecessary danger.  At this point however, the Court cannot assess the validity of McGiffin's claims against Valdez without examining evidence which may include McGiffin's medical records and reports of the conditions at the Victoria County Jail.  Therefore, the claims against Valdez shall be retained and the Court shall order Valdez to file a response.

In contrast to the claims made against Valdez who allegedly saw McGiffin's condition,

McGiffin's complaint against Sheriff O'Connor and Calhoun County Jail Administrator Smith concern written correspondence. O'Connor and Smith cannot be held liable for McGiffin's injury merely because of their supervisory positions. *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). There must be some connection between their conduct and the alleged constitutional violation. *Id*. (citing *Evett v. DETNTFF,* 330 F.3d 681, 689 (5th Cir. 2003)).

Apparently, McGiffin was transferred from Calhoun County to Victoria County for administrative purposes. There is no indication that conditions at the Victoria County Jail were generally bad and McGiffin has no constitutional right to be assigned to a particular facility. *See Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1990). Moreover, Smith was a Calhoun County official with no say on where to place McGiffin within the Victoria County Jail. His reliance on Victoria jail officials' statements which asserted that McGiffin's assignment to an isolation cell was due to jail infractions was sufficient reason not to interfere with their placement decision. *See Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981). Therefore, Smith shall be dismissed from this action due to his lack of contact with McGiffin and personal involvement in the decision regarding McGiffin's cell assignment. *See Anderson v. Pasadena Indep. School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Sheriff O'Connor, unlike L.T. Smith, did work at Victoria County Jail and is alleged to have been aware of the deprivations. McGiffin's pleadings which indicate that he was subjected to unhealthy conditions which resulted in a serious illness, present sufficient facts which would preclude dismissal of Sheriff O'Connor at this time and he shall also be ordered to file a response to McGiffin's complaint regarding the cell conditions. *See Palmer v. Johnson,* 193 F.3d 346 (5th Cir. 1999).

McGiffin's complaint against Holsey and the unnamed nurse allegedly being responsible for

him using infected nail clippers has deficiencies which precludes further consideration of the complaint.  First, McGiffin does not state that Holsey and the nurse were fully aware of the risks involved in allowing inmates to share the clippers.  He does not present any facts which indicate that they knew any of the other inmates were HCV positive or that the virus could be carried by the clippers.  It is not enough to contend that the defendants "knew or should have known" of the risk to establish a civil rights violation.  *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).  It must be shown that they had actual knowledge of the danger and deliberately ignored it. *Id.*  Unlike the situation with the malfunctioning toilet, McGiffin made no attempt to alert anyone about the clippers.  McGiffin admits that he did not realize the danger himself until later. At the most, McGiffin's alleged facts indicate Holsey and the nurse were negligent in allowing him to use the clippers.  Even gross negligence does not establish 1983 liability.  *Id.*; *see also Lemoine v. New Horizons Ranch and Center, Inc.,* 174 F.3d 629, 635 (5th Cir. 1999); *Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In addition to failing to present facts demonstrating deliberate difference, McGiffin also failed to file a grievance notifying the defendants of the violation before filing his complaint with this Court. An inmate cannot file a claim regarding jail conditions pursuant to 42 U.S.C. § 1983  if he has not exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  This requirement applies to all aspects of jail or prison life.  *Porter v. Nussle*,  122 S.Ct. 983, 992 (2002).  McGiffin admits that he failed to file grievances after allegedly using the clippers.  The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Caribe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007) (quoting *Jones v. Bock*, 127 S.Ct. 910, 921 (2007)).  However,

McGiffin has specifically stated in his More Definite Statement that he did not file a grievance. *See* Docket Entry No. 10 at 8 ("I did not fil a grievance on Officer Holsey"). Therefore, this Court is authorized to dismiss McGiffin's claim that he was given infected nail clippers. *Caribe*, at 328 n.9 (citing *Jones*, at 920-21) (district courts can dismiss complaint as baseless if it is apparent from the pleading that it is dismissible).

### III. Conclusion

Based on the foregoing, the Court **ORDERS** the following:

1. The civil rights claims regarding placement in an isolation cell with sewage from a defective toilet are **RETAINED**.

2. In a separate Order, defendants Sheriff O'Connor and Sargent Valdez shall be instructed to file a response to the allegations.

3. All other named claims and defendants are **DISMISSED**.

4. McGiffin's motion to amend (Docket Entry No. 12) is **GRANTED**.

**SIGNED** on this 19th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE