IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL ARTHUR McGIFFIN, | § | |
| TDCJ-CID NO. 1320384, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-07-043 |
| | § | |
| SARGENT J. VALDEZ, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Michael Arthur McGiffin, a prisoner of the Texas Department of Criminal Justice -

Correctional Institutions Division (TDCJ-CID), filed a civil rights complaint under 42 U.S.C. § 1983

against jail officials in Calhoun and Victoria Counties.   McGiffin claims that he has been infected

with the Hepatitis C Virus (HCV) as a result of the defendants' acts and omissions.  After ordering

McGiffin to file a More Definite Statement regarding his claims (Docket Entry No. 8) and reviewing

his responses (Docket Entry No. 10), this court dismissed all claims except McGiffin's 42 U.S.C.

§ 1983 claim against Victoria County Sheriff T. Michael O'Connor and Sergeant Johnny Valadez

in which McGiffin alleged that the defendants knowingly exposed him to unsanitary conditions in

violation of his constitutional rights.  The defendants have filed a Motion for Summary Judgment

(Docket Entry No. 21), supported by records and affidavits, arguing that they did not knowingly

violate McGiffin's rights.  McGiffin has filed a response (Docket Entry No. 28) and other pleadings.

After reviewing the pleadings and evidence, the court has determined that the motion should be

granted and that this action should be dismissed with prejudice.

**I. McGiffin's Claims and Allegations**

McGiffin had been transferred to the Victoria County Jail from Calhoun County after having been arrested and charged with sexual assault of a child and possession of drugs. He was still awaiting trial at the time of the incidents in question. McGiffin alleges that, on May 29, 2005, Sergeant Valadez placed him in an isolation cell ("Cell 1029") knowing the cell toilet was malfunctioning. Docket Entry No. 10 at 5. McGiffin alleges that he noticed that the toilet had a cardboard cover when he first entered the cell. Docket Entry No. 1 at 7. When he removed the cover, he saw that the toilet had sewage with flies hovering over it. *Id*. McGiffin notified Sergeant Valadez about the sewage and asked to be moved to another cell. Valadez refused McGiffin's transfer request and instructed him to keep flushing several times to remove the sewage and attendant odor. *Id.* He asserts that he was using the toilet the next day when it backed up causing him to come into contact with raw sewage. Docket Entry No. 10 at 5. McGiffin asked Sergeant Valadez to move him to another cell on several more occasions. Valadez denied McGiffin's requests although he acknowledged that the toilet had been malfunctioning for some time and needed to be flushed multiple times to keep the smell down. *Id*.

McGiffin alleges that he spoke to Richard Morales, the jail maintenance man, about the toilet on June 28, 2005. Docket Entry No. 1 at 7. According to McGiffin, Morales responded that he was aware of the problem and knew that the toilet needed a new flapper valve but could not do so because there was not enough room for one to fit. *Id*. McGiffin further attests that Morales told him that the cell was not used and that he had no idea why he had been assigned there. *Id*.

McGiffin states that he wrote two letters to Sheriff O'Connor informing him of the faulty toilet and of the risk that it posed to his health. Docket Entry No. 10 at 7. He states that, on July 1, 2005, he specifically warned the Sheriff that he was at risk of catching Hepatitis. *Id*. Despite

McGiffin's warnings, Sheriff O'Connor did nothing to correct the situation.  McGiffin asserts that

he did file a grievance about his cell and his fear of contracting hepatitis, but there was no reply.

*Id*. at 8.  However, an officer later told him that his grievance had upset the authorities.  *Id*.

McGiffin alleges that he now has HCV as a result of his contact with the sewage from the

malfunctioning toilet.  Docket Entry No. 1 at 5. He asserts that a blood test for the disease was

ordered by a TDCJ-CID health care worker on June 16, 2006.  Docket Entry No. 10 at 16.  A TDCJ-

CID nurse informed McGiffin that he had HCV on July 22, 2006.   McGiffin alleges that he had

preexisting health conditions which made him particularly susceptible to infectious diseases. Docket

Entry No. 1 at 8.   He argues that Sergeant Valadez is responsible for his injury because he

knowingly placed him in a jail cell with a defective toilet and that Sheriff O'Connor is responsible

because he failed to train his staff to deal with infectious  diseases in a proper manner.  Docket Entry

No. 1 at 4.  McGiffin seeks an order awarding him compensatory and punitive damages from the

defendants.  Docket Entry No. 1 at 5.

## II. Summary of the Arguments and Evidence

Defendants O'Connor and Valadez argue that McGiffin's prisoner civil rights complaint

should be dismissed because he failed to exhaust administrative remedies as required by the

provisions of 42 U.S.C. § 1997e(a).  They assert that McGiffin never filed a grievance regarding any

unsanitary or unhealthy conditions in Cell No. 1029 although he filed numerous grievances

regarding other issues such as shampoo, dental care, problems with the jail commissary, and access

to court

problems.  They point out that McGiffin did file a written complaint about the toilet in a detox cell but never complained about the one in Cell No. 1029.

The defendants also contend that there is no evidence showing that McGiffin has contracted HCV or that he was infected with the disease as a result of the alleged toilet incident.  They further contend that there is no evidence showing that the toilet in Cell No. 1029 was malfunctioning and was backing up.  They assert that No. 1029 was continuously occupied by numerous other inmates around that time period and that there is no record of any complaints about the toilet from those other inmates and that no changes, repairs or modifications were made to the toilet or cell plumbing during that time.  They further assert that it would not have been possible for sewage to flood No. 1029's toilet unless every other toilet flooded also.

Finally, the defendants assert that there is no evidence that they had actual knowledge of the alleged deprivation.  Sheriff O'Connor claims never to have received either of McGiffin's purported letters complaining about the toilet.  He further contends that if he received the letters, they were sent after the incident which occurred on May 30, 2005.   Sergeant Valadez denies that McGiffin ever told him about the toilet or any unsafe or unsanitary condition in Cell No. 1029.

The defendants have submitted the following evidence in support of their arguments:

| | |
|---|---|
| Affidavit of Sheriff T. Michael O'Connor | Docket Entry No. 21-2 |
| Affidavit of Richard Morales | Docket Entry No. 21-3 |
| Affidavit of  Sergeant Johnny Valadez | Docket Entry No. 21-4 |
| Cell Occupant List for Cell No. 1029 | Docket Entry No. 21-4, Exhibit A |
| McGiffin's Grievances and Requests | Docket Entry No. 21-4, Exhibit B |

### III. <u>Summary Judgment Standards</u>

In deciding a motion for summary judgment, the Court must determine whether the pleadings and records indicate if there is a genuine issue regarding any material fact and whether the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue. *Kee v. City of Rowlett, Tex.*, 247 F.3d 206, 210 (5th Cir. 2001). To meet this burden, the movant must present evidence that shows that the non-movant cannot carry its burden of proof at trial. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998). The movant may accomplish this by showing that the non-moving party has presented no evidence in support of his claim. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Once the movant has met this burden, the non-movant must present specific facts showing that there is a genuine issue for trial; otherwise, summary judgment will be entered in favor of the movant. *Id.*

The court construes the evidence such that the non-moving party is favored and does not weigh the evidence, assess its probative value, or resolve any factual disputes. *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). However, the nonmovant cannot rely on "conclusory allegations" or "unsubstantiated assertions" to establish that there is a triable issue. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir. 1996). Nor is the nonmovant's burden satisfied by casting "some metaphysical doubt as to material facts" or where "only a scintilla of evidence" has been brought forth. *Fiesel v. Cherry*, 294 F.3d 664, 667 (5th Cir. 2002); *Spectators' Communication Network Inc. v. Colonial Country Club*, 253 F.3d 215, 219 (5th Cir. 2001). Factual controversies will be decided in the nonmovant's favor only when both sides have presented

evidence showing that there is an actual controversy.  *Burns v. Harris County Bail Bond Bd.*, 139

F.3d 513, 518 (5th Cir. 1998), *citing Little*, 37 F.3d. at 1075.  In the absence of any proof, the court

will not assume that the non-movant could or would prove the necessary facts.  *Id*.


## IV. Analysis

As a pretrial detainee,  McGiffin had a constitutional right to safe conditions of confinement

pursuant to the due process rights established by the Fourteenth Amendment of the Constitution.

*Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000).  In order to prevail on

a claim that this right was violated, McGiffin must present evidence demonstrating that the

defendants acted with deliberate indifference to his serious health and medical needs.  *Id*. *citing*

*Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996).  It must be shown that there was

a serious deprivation of a basic human need and that the defendants were aware of the deprivation.

*Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991).

A. Failure to Exhaust Administrative Remedies

Before pursuing a jail conditions claim, a pretrial detainee or prisoner must first exhaust

those prison administrative remedies which are available to him.  42 U.S.C. § 1997e.  This applies

to all aspects of jail or prison life.  *Porter v. Nussle*,  122 S.Ct. 983, 992 (2002).  The primary

purpose of this provision is to allow prisons to address legitimate problems and improve their

administration.  *Id*. at 988.  Further, Congress noted the need to filter out frivolous claims filed by

prisoners who have "little to lose and everything to gain."  *Doe by and through Doe v. Washington*

*County*, 150 F.3d 920, 924 (8th Cir. 1998), *quoting* 141 Con. Rec. S7524 (daily ed. May 25, 1995)

(statement of Sen. Dole).  Title 37 of the Texas Administrative Code mandates that all county jails

have an established administrative procedure, approved by the Texas Commission on Jail Standards,

for the resolution of inmate grievances.   37 Tex. Admin. Code § 283.3 (2003).   The Texas

Commission on Jail Standards has verified that Victoria County Jail has a grievance procedure

which complies with the Texas Administrative Code.  *See Stine v. Victoria County Jail*, No. V-03-

0156 (S.D. Tex. Dec. 27, 2005).

The defendants assert that McGiffin never filed a grievance concerning the toilet in Cell

1029.  Sergeant Valadez states in his affidavit (Docket Entry No. 21-4 at 1, 2) that McGiffin did not

fill out a grievance or medical request in regard to Cell 1029's alleged unsanitary condition although

he sent out other requests concerning "dental issues, shampoo, commissary issues, medication

issues, fungus, monies, the toilet in the detox cell, appointment for an attorney, litigation issues, etc."

*Id*. at 2.  Included in McGiffin's records is a request (Docket Entry No. 21-4 at 12), dated May 20,

2005. The request concerns the detox cell's  "Chinese toilet"[1] which does not flush and emanates

a bad odor whenever McGiffin uses the so-called toilet for a bowel movement.  There is no mention

of a toilet backing up in the request nor is there any indication of contact with sewage.

MCGiffin was required under 42 U.S.C. § 1997e(a) to exhaust administrative remedies

before filing suit. *See* § 1997e(a); *Jones v. Bock,* 127 S. Ct. 910, 914 (2007); *Johnson v. Johnson*,

385 F.3d 503, 515 (5th Cir. 2004).  Proper exhaustion is required, meaning that the prisoner must

not only pursue all available avenues of relief; he must also comply with all administrative deadlines

and procedural rules. *Woodford v. Ngo*, 126 S. Ct. 2378, 2385-88 (2006).  McGiffin was obligated

to use whatever administrative remedies were available.  *See Ferrington v. La. Dep't of Corrs*., 315

---

[1]A Chinese toilet is a drain or hole in the floor without any running water to enable the user to empty or evacuate human waste from it.  *See LaReau v. MacDougall*, 473 F.2d 974, 977 (2d Cir. 1972).

7

F.3d 529, 531-32 (5th Cir. 2002).  There is no evidence that McGiffin made any attempt to file a grievance or otherwise notify jail officials of the toilet in Cell 1029.  Therefore, his claim is subject to dismissal under the provisions of 42 U.S.C. § 1997e(a).  *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998).

B. No Showing of Defendants' Deliberate Indifference

An official violates a pretrial inmate's due process rights when he acts with deliberate indifference to the inmate's health and medical needs.  *Jacobs*, 228 F.3d at 393, *citing Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir. 1996).  Not only must there be evidence which indicates that there was a serious deprivation of a basic human need; there must also be a showing that the defendants were aware of the deprivation and ignored it.  *Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991); *Hare v. City of Corinth*, *Miss.,* 74 F.3d 633, 650 (5th Cir. 1996).

McGiffin alleges that he wrote two letters to Sheriff O'Connor, along with a grievance, about the toilet.  However, no copies of the correspondence have been produced.  Moreover, Sheriff O'Connor states in his affidavit (Docket Entry No. 21-2 at 1) that he never received the alleged letters nor was he aware of any letters.  He further states that he was never advised of any dangerous or unsanitary conditions in Cell 1029.

Sergeant Valadez's affidavit (Docket Entry No. 21-4 at 1, 2) disputes McGiffin's allegation that there was a piece of cardboard on the toilet or that there was any odor when he transferred McGiffin to Cell 1029 on May 29, 2005.  He also denies that the cell was unsanitary or that McGiffin made any statement regarding the toilet on May 29 or at any time subsequent to the transfer.  *Id.*  He further asserts that he was not aware of any safety issues with Cell 1029.  Sergeant

8

Valadez goes on to state that, while he has heard of HCV, he is unfamiliar with how the disease is transferred and has never heard of a person becoming infected through contact with raw sewage. *Id*.

Attached to Sergeant Valadez's affidavit is a computer printout (Docket Entry No. 21-4 at 5) with a list of inmates who occupied Cell No. 1029 from January 25, 2005, to December 12, 2005. Consistent with McGiffin allegations, the record indicates that McGiffin was assigned to the cell from May 29, 2005, until July 17, 2005. *Id*. Thirteen other inmates are also listed as having occupied Cell 1029 during the eleven month period around the time of the incident in question. *Id*. During that same period, Cell 1029 was empty only eleven days. Docket Entry No. 21-4 at 2. Sergeant Valadez attests that none of the fourteen occupants complained regarding the cell's toilet, sewage, HCV, or any unsanitary or unsafe conditions in the cell. *Id*.

To establish deliberate indifference in this case, McGiffin must point out evidence which demonstrates that the defendants: (1) were aware of facts from which an inference of an excessive risk to his health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999). It is not enough to show that some health or safety standard was not met. *See Sampson v. King*, 693 F.2d 566, 569 (5th Cir. 1982). There must be a showing of a denial of a basic measure of a life necessity and that the defendants were clearly aware of it but made no effort to correct it. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Only extreme deprivations will qualify as a constitutional violation. *Id*.; *McCord v. Maggio*, 927 F.2d 844 (5th Cir. 1991). While McGiffin is not required to show that the defendants deliberately engaged in conduct for the very purpose of harming him, he cannot prevail by showing that they were negligent. *See Farmer v. Brennan*, 114 S.Ct.

9

1970, 1978 (1994).  There must be a showing that the risk was obvious.  *Adames v. Perez*, 331

F.3d 508, 512 (5th Cir. 2003).

The record is devoid of any evidence that the defendants were actually aware of any problem

in Cell 1029 or that they knew that McGiffin was exposed to any condition which posed a threat to

his health and safety despite the fact that Cell 1029 was almost continuously occupied months before

and after McGiffin's assignment to that cell.  McGiffin's mere assertion that there were complaints

(*see* Docket Entry No. 28 at 2) is not sufficient to challenge the defendants' records.  *See, e.g.*,

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (explaining that

"conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the

nonmovant's burden" at summary judgment).  At the most, the evidence may show that the

defendants exposed him to a dangerous situation without being aware of the risks.  There would be

no showing of deliberate indifference even if the defendants were shown to have exercised poor

judgment in assessing the potential risk for harm .  *See Newton v. Black*, 133 F.3d 301, 308 (5th

Cir. 1998); *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir. 1992).

The record shows that the defendants were not aware of any hygiene problems in Cell 1029

and that, even if they were aware of such problems, that the problems presented a serious threat to

McGiffin's health.  Therefore, the claim is subject to dismissal because there has been no showing

of deliberate indifference.  *See Hare*, 74 F.3d at 650.

C. No Showing of Toilet Malfunction

In order to prevail on a prisoner complaint regarding conditions of confinement, it is

necessary to present evidence of a condition which presents a serious threat to the plaintiff's health

or safety.  *Wilson v. Seiter*, 111 S.Ct. 2321, 2324 (1991).  In the present action, McGiffin must show

that he was subjected to conditions which deprived him of basic sanitation which jeopardized his health.  *Bradley v. Puckett*, 157 F.3d 1022, 1025-26 (5th Cir.1998).    .


As noted in the previous section, there were no reports from any inmates that Cell 1029's toilet was malfunctioning.  McGiffin's conditions claim is based on his allegation that he came in contact with raw sewage after the toilet backed up.  This allegation is contradicted by the affidavit of Richard Morales, the maintenance man for Victoria County Jail.  Docket Entry No. 21-3. Morales states that he is knowledgeable about Cell 1029 and was familiar with it in 2005.  *Id.*  He denies ever having stated to McGiffin that the toilet needed a new flapper or that it could not be repaired.  *Id.*  He further states that there have been no modifications to the cell's plumbing after McGiffin left it in 2005 and that it has been occupied every time he has gone there since 2005.  *Id.* Morales further states that he is familiar with the plumbing connected to Cell 1029 and that it would be impossible for the toilet to back up or overflow with sewage from a cell other than 1029 or 1019 without every other cell on the floor also backing up.  *Id.*  Morales denies that any such incident occurred in 2005 or thereafter. *Id.*

McGiffin's civil rights claim is based on his allegation that the toilet in his cell backed up and flooded.  However, he has presented no evidence which affirmatively proves what he alleges. Conversely, the defendants have presented evidence that no such incident occurred.  Therefore, McGiffin's claim is subject to dismissal because he has failed to demonstrate that he was confined in conditions which threatened his health or safety.  *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999).

D. <u>No Showing of Exposure to Hepatitis C from Alleged Toilet Back Up</u>

McGiffin alleges that he contracted HCV as a result of the alleged toilet back up.  However, he has produced no medical evidence that he has the disease as a result of the alleged incident. Moreover, McGiffin's own pleadings offer contradictory accounts as to how he allegedly became infected.  Docket Entry No. 1 at 9 (McGiffin alleges in his Original Complaint that he was exposed to the virus through shared nail clippers).  A prisoner cannot recover for damages where there is no showing that he suffered any physical harm due to the allegedly inhumane conditions.  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003), *citing* 42 U.S.C. § 1997e(e).  In the present action, there is evidence showing that McGiffin has the disease.  Docket Entry No. 23-2 at 2 (Plaintiff's Exhibit A2-2).  However, there is no evidence indicating that McGiffin's alleged contact with sewage resulted in him contracting the disease.  On the contrary, McGiffin submitted to the court a "Hepatitis C Fact Sheet" (Docket Entry No. 1-2) which was purportedly distributed by the TDCJ-CID Medical Department.  The Fact Sheet specifically states that HCV cannot be spread by sharing a toilet and indicates that contact with raw sewage does not present a threat either. *Id*.  In the absence of any evidence showing that the cell conditions exposed him to an unnecessary health risk, McGiffin's claim is subject to dismissal.  *See Pack v. Artuz*, 348 F.Supp.2d 63, 90-91 (S.D.N.Y. 2004) (inmate's claim of exposure to asbestos dismissed due to lack of evidence showing unreasonable risk to plaintiff's health).

The defendants have presented evidence clearly demonstrating that there is no genuine issue of dispute regarding McGiffin's claims that they were deliberately indifferent to his serious health needs.  The motion for summary judgment (Docket Entry 21) shall be granted, and this action shall be dismissed under FED. R. CIV. P. 56.

## V. Other Pending Motions

McGiffin filed a Motion to Alter Judgment (Docket Entry No. 17) after the court dismissed

his claim that he was subjected to deliberate indifference when he was issued nail clippers which

had been used by another inmate who had HCV.  The court dismissed the claim because McGiffin

admitted in his More Definite Statement (Docket Entry No. 10 at 8) that he had failed to exhaust

administrative grievance procedures before filing his civil rights complaint. 42 U.S.C. § 1997e.  It

is now evident that the court should not use screening procedures to resolve the question of whether

a prisoner has exhausted available administrative grievance proceedings before the defendants have

filed a responsive pleading.  *See Chamberlain v. Chandler*, No. 08-11093 (5th Cir. Sept. 15, 2009),

*citing Jones v. Bock*, 127 S.Ct. 910, 921 (2007); *Caribe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

However, the defendants have submitted McGiffin's jail records including all grievances.  Docket

Entry No. 21-4 at 7-40.  Consistent with McGiffin's admission, the defendants have shown that there

was no grievance filed with regard to the nail clippers.  The motion (Docket Entry No. 17) will be

denied.

McGiffin's Motion for Extension of Time to File a Response to Defendants' Motion for

Summary Judgment (Docket Entry No. 24) shall be granted.  McGiffin's Reply (Docket Entry No.

28) has been considered to be timely filed and was reviewed before the court made its determination

that this action should be dismissed.

McGiffin has filed a Motion to Amend Response to Motion for Summary Judgment (Docket

Entry No. 30) in which he seeks to submit an affidavit signed by another inmate Ronnie Beasley,

TDCJ-CID No. 1430041.  Beasley's affidavit asserts that he heard McGiffin complain to Valadez

about the sewage in his cell.  According to the affidavit, Valadez acknowledged that there was a

problem with the toilet and that raw sewage presented a risk of carrying Hepatitis, but that he had

nowhere to transfer McGiffin.  McGiffin has also filed a motion (Docket Entry No. 29) in which he

seeks an extension of time to file the affidavit.  The defendants have filed a response, supported by

an affidavit signed by Sheriff O'Connor, showing that Beasley was not a Victoria County Jail inmate

on or before May 30, 2005, the date that McGiffin allegedly came in contact with the sewage which

infected him.   The defendants have also submitted Beasley's jail record which reflects that he was

not in Victoria County Jail before July 7, 2005.  McGiffin's motions (Docket Entry Nos. 29 and 30)

will be denied.

McGiffin has filed a Motion to Compel Discovery (Docket Entry No. 36) in which he seeks

the addresses of other inmates who may have witnessed him complaining to Sergeant Valadez about

the toilet between May 29, 2005, and July 1, 2005.  He asserts that the defendants have refused to

release such information due to privacy concerns.  The defendants have filed a Motion for Protective

Order (Docket Entry No. 39) regarding the undue burden and expense complying with plaintiff's

requests.  They have previously asserted qualified immunity in their Answer.  *See*, Docket Entry No.

20 at 5.

The doctrine of qualified immunity serves to shield government officials like the defendants

from civil liability for damages based upon the performance of discretionary functions and from

vexatious lawsuits which have not been brought in good faith.  *See Thompson v. Upshur County,

Tex.*, 245 F.3d 447, 456 (5th Cir. 2001); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Avoidance of unnecessary discovery is one of the very purposes for the immunity doctrine. *Schultea

v. Wood*, 47 F.3d 1427, 1436 (5th Cir. 1994) (concurring opinion).  The defendants have shown that

there is no basis to McGiffin's claims and this court has found numerous grounds to dismiss this

action.  The defendant's Motion for Protective Order (Docket Entry No. 39) will be granted, and

McGiffin's Motion to Compel Discovery (Docket Entry No. 36) will be denied.

Included with McGiffin's Motion to Compel Discovery is a letter (Docket Entry No. 36-2)

which has been liberally construed as a Motion for Appointment of  Counsel.  McGiffin seeks a

court appointed counsel in order to examine the blueprints of the Victoria County Jail.  Apparently,

McGiffin hopes to find evidence which contradicts the defendants' assertion that the toilet in Cell

1029 would not have flooded without the toilets in other cells doing the same.  In general, plaintiffs

do not have a right to court appointed counsel in section 1983 actions.  *Jackson v. Cain*, 864 F.2d

1235, 1242 (5th Cir. 1989)*;Ulcer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  McGiffin has

been allowed to present his best case regarding his claim that he is entitled to compensation

regarding his conditions of confinement claim.  His pleadings were liberally construed and the

defendants were ordered to respond to what was determined to be the remaining legally nonfrivolous

claim.  The issues are relatively simple, and McGiffin had the opportunity to challenge the evidence

and arguments presented in the defendants' straightforward motion for summary judgment.

Therefore the motion (Docket Entry No. 36) will be denied.  *See Wendell v. Asher*, 162 F.3d 887,

892 (5th Cir. 1998).

## VI. Conclusion

The court **ORDERS** the following

1.    McGiffin's Motion for Extension of Time (Docket Entry No. 24) is **GRANTED**.

2.    All other motions submitted by McGiffin (Docket Entry Nos. 17, 29, 30, and 36) are **DENIED**.

3.  The defendants' Motion for Summary Judgment (Docket Entry No. 21) is **GRANTED**.

4.  The defendants' Motion for Protective Order (Docket Entry No. 39) is **GRANTED**.

4.  This action is **DISMISSED** with prejudice.  FED. R. CIV. P. 56(c).

**SIGNED** on this 18th day of September, 2009.


            JOHN D. RAINEY
        UNITED STATES DISTRICT JUDGE